# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SANDREAN OLIVER, <br><br> Plaintiff, <br><br> v. <br><br> SEAN P. FLAHIVE, <br><br> Defendant. | Case No. 20-CV-1129-JPS <br><br> **ORDER** |

On July 23, 2020, plaintiff Sandrean Oliver ("Oliver") filed a complaint alleging that her civil rights were violated when defendant Sean P. Flahive ("Flahive"), a police officer for the town of Pleasant Prairie, Wisconsin, conducted an unreasonable search and seizure of her person and the vehicle she was driving. (Docket #1). The complaint is brought pursuant to Title 42, United States Code, Section 1983 and brings a single claim against Flahive for his actions during the traffic stop. (*Id.* at 1–2). In other words, there is no *Monell* claim at issue.

Discovery is well underway. Oliver seeks to depose Pleasant Prairie Police Chief Smetana ("Chief Smetana") about the Pleasant Prairie Police Department's "procedure for confronting motorists regarding the odor of marijuana, the policy behind handcuffing motorists, and the policy for searches of female detainees by male officers." (Docket #20 at 4). Oliver argues that there is no "alternative witness capable of testifying to the Department's policies and procedures, training and supervision, and review of Officer Flahive's stop of . . . [Oliver]." (*Id.* at 5). Among other concerns, Oliver would like to determine whether the disproportionate number of traffic stops of Black drivers compared to the Black population

of Pleasant Prairie "conform[s] to the Department's policies and procedures and Officer Flahive's training and supervision . . . ." (*Id.* at 6).

The Federal Rules of Civil Procedure make clear that discovery is a generally broad endeavor:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Nevertheless, the Rule imposes a requirement on the Court to "limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Additionally, the rules permit the Court, upon a showing of good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by, among other actions, "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

Here, Flahive contends that the deposition of Chief Smetana regarding the Police Department's policies and practices is beyond the scope of Oliver's single 1983 claim against Flahive. The Court agrees. Violations of internal rules are not evidence of a constitutional violation. *Thompson v. City of Chicago*, 472 F.3d 444, 454–55 (7th Cir. 2006). Additionally, it is not clear that the deposition of Chief Smetana is reasonably likely to lead to discoverable evidence regarding the single 1983

claim involving Flahive because Chief Smetana has no personal knowledge of the traffic stop. If Oliver wishes to depose Chief Smetana, she may, if appropriate, file a motion to amend her complaint to allege a *Monell* claim against the municipality.

Accordingly,

**IT IS ORDERED** that Defendant Sean P. Flahive's motion for a protective order (Docket #16) be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 1st day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge